CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 3 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| ANDREW WOLTERS,<br>    Plaintiff, | ) ) ) | Civil Action No. 7:12-cv-00056 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| ERIC HOLDER, et al.,<br>    Defendants. | ) ) ) | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Andrew Wolters, a federal inmate proceeding pro se, filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested in 28 U.S.C. § 1331. Plaintiff did not pay the $350 filing fee and asks to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915. The court granted plaintiff the opportunity to support his application to proceed in forma pauperis with an inmate account report and statement of assets. The court warned plaintiff that prior dismissals for frivolity or failing to state a claim would limit his ability to proceed in forma pauperis.

The court finds that plaintiff had at least three non-habeas civil complaints or appeals previously dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted. Wolters v. Federal Bureau of Prisons, No. 10-30717, slip op. at 1-2 (5th Cir. Jan. 11, 2011) (appeal dismissed as frivolous); Wolters v. Federal Bureau of Prisons, No. 08-cv-0837, slip op. at 1 (W.D. La. July 5, 2010) (action dismissed with prejudice as frivolous and for failing to state a claim upon which relief may be granted); Wolters v. Hunter, No. 1:07-cv-02290, slip op. at 4 (D. Colo. Mar. 2, 2009) (action dismissed with prejudice for failing to state a claim upon which relief may be granted). See Henslee v. Keller, No. 11-6707, slip op. at 10 (4th Cir. June 5, 2012) (prohibiting a district court dismissal to be considered a third strike while the dismissal is being appealed). In accordance with the three-strikes provision of 28 U.S.C. § 1915(g), the Court

of Appeals for the Fifth Circuit previously advised plaintiff that he needed to submit the $350.00 filing fee or establish an imminent threat of serious physical harm to proceed with a civil suit once he accumulates three "strikes," pursuant to 28 U.S.C. § 1915(g). Wolters v. Federal Bureau of Prisons, No. 10-30717, slip op. at 2.

Plaintiff names as defendants Eric Holder, the Attorney General of the United States, and C. Zych, Warden of the United States Penitentiary in Lee County, Virginia ("USP Lee"). Plaintiff complains that correctional staff retaliated against him by entering allegedly false incident reports and disciplinary convictions to increase his security level and housing classification after plaintiff complained about threats of sexual and physical assault.[1] Plaintiff also alleges that staff at another federal prison retaliated against him by X-raying his mouth and anus to search for weapons during a prison transfer.

After reviewing plaintiff's complaint in this civil action, it is clear that plaintiff does not establish that he is currently under any imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g). Furthermore, plaintiff was housed at a federal penitentiary in Pennsylvania when he instituted this action, and thus, plaintiff could not have been in imminent danger of serious physical harm in Pennsylvania about the conditions previously experienced in Virginia. Accordingly, I dismiss the action without prejudice for plaintiff's failure to pay the filing fee at the time of filing the complaint. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee if plaintiff is ineligible to proceed in forma pauperis).

---

[1] Plaintiff acknowledges that this action does not litigate the related issues of the alleged unspecified sexual and physical assaults. (Compl. 5.)

2

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 3rd day of ~~June~~ July, 2012.

/s/ Jackson L. Kiser
Senior United States District Judge